**CT Corporation**

**Service of Process Transmittal**
10/30/2017
CT Log Number 532211245

**TO:** Jason Engel, Senior Vice President & General Counsel
Experian
475 Anton Blvd Bldg D
Costa Mesa, CA 92626-7037

**RE:** Process Served in Kansas

**FOR:** Experian Information Solutions, Inc. (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Anthony McLin, Pltf. vs. Experian Information Solutions Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summonses, Petition |
| **COURT/AGENCY:** | Wyandotte County District Court, KS<br>Case # 2047LM004824 |
| **NATURE OF ACTION:** | Violations of the Fair Credit Reporting Act |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company, Inc., Topeka, KS |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/30/2017 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED:** | Kansas |
| **APPEARANCE OR ANSWER DUE:** | 11/27/2017 at 09:00 a.m. |
| **ATTORNEY(S) / SENDER(S):** | A.J. Stecklein<br>Stecklein & Rapp<br>748 Ann Avenue<br>Kansas City, KS 66101<br>913-371-0727 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via UPS Next Day Air, 1Z0399EX0123750264 |
| **SIGNED:** | |
| **ADDRESS:** | The Corporation Company, Inc.<br>112 S.W. 7th Street<br>Suite 3C<br>Topeka, KS 66603 |
| **TELEPHONE:** | 954-473-5503 |

**EXHIBIT A**

Page 1 of 1 / JP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Stecklein & Ra[...]
748 Ann[...] Avenue
Kansas City, Kansas 66101

7014 1820 0001 6270 8269



Experian Information Solutions, Inc.
RA: The Corporation Company, Inc.
112 SW Seventh Street, Suite 3C
Topeka, Kansas 66603

Antony McLin
vs.
Experian Information Solutions Inc. et. al.

ELECTRONICALLY FILED
2017 Oct 23 AM 10:40
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004824

Division: 11

## SUMMONS

To the above-named Defendant/Respondent:

Experian Information Solutions Inc
RA: THE CORPORATION COMPANY,
112 SW 7TH STREET SUITE 3C
Topeka, KS 66603

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 11/27/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 10/23/2017 11:26:46 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

<u>Antony McLin</u>
vs.
<u>Experian Information Solutions Inc. et. al.</u>

ELECTRONICALLY FILED
2017 Oct 23 AM 10:40
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004824

Division: 11

## SUMMONS

To the above-named Defendant/Respondent:

Experian Information Solutions Inc
RA: THE CORPORATION COMPANY,
112 SW 7TH STREET SUITE 3C
Topeka, KS 66603

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 11/27/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 10/23/2017 11:26:46 AM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Oct 23 AM 10:40
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-004824

In the District Court of Wyandotte County, Kansas
Limited Actions Division

Anthony McLin,

                Plaintiff,

vs.

Experian Information Solutions Inc., Trans Union, LLC and Equifax Information Services, LLC,

                Defendants.

Case Number: 2017-LM-004824

Division: 11

## PETITION

COMES NOW Plaintiff Anthony McLin, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 *et seq.*

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

4. Plaintiff is a resident of Kansas.

5. Defendant Equifax Information Systems, LLC (Equifax) is a Delaware Limited Liability Company.

6. At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

7. Defendant Trans Union LLC (Trans Union) is an Illinois corporation.

8. At all times relevant hereto, Defendant Trans Union was and is engaged in the business of credit reporting, all within Kansas.

9. Defendant Experian Information Solutions Inc. is a Delaware corporation.

10. At all times relevant hereto, Defendant Experian was and is engaged in the business of credit reporting, all within Kansas.

11. On June 18, 2014, Plaintiff petitioned for relief in Chapter 13 of the United States Bankruptcy Code in case number 14-21446 in Kansas District Court.

12. Included in the schedules filed in case number 14-21446 were certain unsecured accounts and judgments.

13. On August 21, 2014, a Chapter 13 plan was confirmed by the Bankruptcy Court. Plaintiff is, and has been, current on the Chapter 13 payments.

14. As a result of the August 21, 2014 confirmation, the Plaintiff, as debtor, and his creditors are currently bound by a confirmed Chapter 13 Bankruptcy Plan.

15. The accounts and judgments listed in the schedules filed in case number 14-21446 were accounted for in the plan and the creditors were notified of their status.

16. The plan allowed both for a stay of collection and prescribed certain treatment for various unsecured accounts.

17. The filing of case number 14-21446 and the confirmation of the plan on August 21, 2014 changed the status of the accounts and judgments listed in the schedules filed in case number 14-21446.

18. Thereafter, Defendants reported some of those accounts has having a $0 balance and included in bankruptcy while allowing other accounts of the same status to report as having a

2

past due balance.

19.     Therefore, Defendants reported both the bankruptcy filing and the accurate reporting of some creditors, but allowing other debts of the same status to remain misreported in the remainder of the credit report as not included in the bankruptcy.

20.     Defendant Trans Union also reported judgments in the public records section of its credit report that it failed to update to reflect the current status of the judgments.

21.     Defendants have no reasonable procedures to assure consistent and non-confusing reporting, as required by the FCRA.

22.     Defendants have notice of Plaintiff's bankruptcy because the majority of the tradelines on Plaintiff's credit report evidence an "included in bankruptcy" notation and Plaintiff's bankruptcy is reported in the "public records" section of her credit report.  The Defendants are aware that this notation produces a uniform change to every tradeline reported on Plaintiff's credit report, by virtue of the bankruptcy process.

23.     The change, specifically, is that no tradeline included in the bankruptcy can accurately be described as "in collections."

24.     Defendants have allowed certain tradelines to show as "past due" and "in collections" *without also* referencing Plaintiff's bankruptcy, creating a materially misleading impression that those tradelines are not included in Plaintiff's bankruptcy and are, in fact, presently due and owing.

25.     Effectively then, Defendants are leaving outdated information on Plaintiff's credit report, creating an internal inconsistency on Plaintiff's credit report.

26.     Although many tradelines were properly updated, several were not—and the resulting credit report is confusing to whomever accesses the report.

3

27. Defendants have therefore failed to accurately, consistently, and clearly report tradelines after notice of an occurrence wherein a uniform change to the entirety of Plaintiff's credit report is expected. Defendants' misreporting of inconsistent credit information and their failure to properly update tradelines to conform to readily available public records demonstrates that Defendants lack reasonable procedures to assure maximum possible accuracy of information contained in Plaintiff's credit report.

28. Given the fluidity of the Defendants' procedures of relying on the furnishers to unilaterally determine their status, these incorrect entries are subject to change.

29. Given the fluidity of the Defendants' procedures of relying on the furnishers, the reports are internally inconsistent with the reports own entries and is materially misleading.

### Count I – Violations of the Fair Credit Reporting Act

Comes now Plaintiff and for Count I against the Defendants states and alleges to the Court as follows:

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

32. At all times pertinent hereto, Trans Union, LLC regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any

4

means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

33. At all times pertinent hereto, Experian regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

34. At all times pertinent hereto, the Plaintiff Anthony J. McLin is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

35. At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

36. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

37. The conduct of Defendants were a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff

that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

e. Such other and further relief as may be necessary, just and proper

*Respectfully submitted,*

By: /s/ A.J. Stecklein
A.J. Stecklein KS#16330
Michael Rapp KS#25702

Stecklein & Rapp
748 Ann Avenue
Kansas City, KS 66101
Telephone:   (913) 371-0727
Facsimile:   (913) 371-0727
Email: aj@kcconsumerlawyer.com
        mr@kcconsumerlawyer.com
        bj@kcconsumerlawyer.com

Attorneys for Plaintiff

6